IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Groucho's Franchise Systems, LLC, <br><br>Plaintiff, <br><br>v. <br><br>Grouchy's New York Deli and Bagels. <br><br>Defendant. | CIVIL ACTION NO. 1:14-cv-01725-LMM <br><br>DEMAND FOR JURY TRIAL |

**AMENDED AND RESTATED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff GROUCHO'S FRANCHISE SYSTEMS, LLC, by its undersigned attorneys, and files this Amended and Restated Complaint for Damages and Injunctive Relief against Defendant GROUCHY'S NEW YORK DELI AND BAGELS, showing the Court as follows:

**PARTIES**

1. Plaintiff, Groucho's Franchise Systems, LLC ("Groucho's" or "Plaintiff") is a South Carolina limited liability company, providing restaurant services and selling food, namely operating a deli-style restaurant with its principal place of business in Columbia, South Carolina and operating twenty-five restaurants located around the southeastern United States.

2. Upon information and belief, Defendant, Grouchy's New York Deli and Bagels ("Grouchy's" or "Defendant") is a corporation operating a restaurant with its principal place of business in Alpharetta, Georgia.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq. and the common law of the Georgia as a result of Defendant's infringement of the Plaintiff's registered and common law trademarks and service mark rights, and other unlawful activities conducted by Defendant in connection with such infringement.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 1367 and 1338, and the doctrine of pendent and ancillary jurisdiction.

5. This Court has personal jurisdiction over Defendant because it: (a) regularly conducts business and transacts business within the State of Georgia; (b) has committed acts of trademark and service mark infringement in the State of Georgia causing injury within the State of Georgia; and (c) maintains a principal place of business in the State of Georgia.

6. Venue is proper in this District and this Court pursuant to 28 U.S.C. § 1391(b)

## FACTUAL BACKGROUND

### PLAINTIFF AND ITS TRADEMARKS AND SERVICE MARKS

7. Since as early as 1941, Plaintiff has been operating a restaurant which offers deli-style sandwiches. Plaintiff has always operated under the service mark GROUCHOS®. Plaintiff has provided such services continuously and without interruption, since opening in 1941 through the present. Since opening its first location in Columbia, South Carolina, Plaintiff's business has gained popularity with its customers and its demand increased significantly. GROUCHO'S now operates at least twenty-eight locations throughout the southeastern United States.

8. Plaintiff's success is due substantially to its branding and the quality control exercised over the use of its marks. In order to protect what it considers one of its most valuable assets, namely, the name of its restaurants, Plaintiff filed for and obtained federal trademark and service mark registrations for its marks from the United States Patent and Trademark Office. Plaintiff is the owner of the following trademarks and service marks, (hereafter collectively referred to as the "Trademarks") which are registered on the Principal Register of the United States Patent and Trademark Office (the "Registrations").

9. On April 1, 1996, Plaintiff filed a federal trademark application (U.S. Ser. No. 75/082,003) for the mark GROUCHO'S as used in connection with

restaurant services in Intl. Class 42, and with a date of first use as early as February 1, 1952.  The Registration issued on February 18, 1997, U.S. Registration Number 2,038,973.

10. On January 6, 2000, Plaintiff filed a federal trademark application (U.S. Ser. No. 75/888,300) for the stylized mark GROUCHO'S FAMOUS as used on sauces for use as a condiment, namely salad dressings and dipping sauces in Intl. Class 30, and with a date of first use as early as November 1, 2000.  The Registration issued on March 25, 2003, U.S. Registration Number 2,700,771.

11. The Registrations are valid, continuing and constitute prima facie evidence of Plaintiff's ownership of the Trademarks and the Registrations, the validity of the Trademarks and Registrations and of Plaintiff's exclusive rights to use the Trademarks in commerce on and in connection with the goods and services recited in the Registrations. True and correct copies of the United States Patent and Trademark Office certificates of registration for the Trademarks are attached hereto as Exhibit "A" and incorporated herein by this reference. The registrations constitute conclusive evidence of Plaintiff's exclusive rights to use said marks in connection with its services.

12. In addition to Plaintiff's registered Trademarks, through continuous and exclusive use of the Trademarks, Plaintiff has acquired common law trademark and service mark rights in the Trademarks

13. Plaintiff acquired its common law rights and registrations in the Trademarks years prior to the acts of Defendant complained of herein. Those common law rights include the geographic area of the southeastern United States, including such common law rights established by a restaurant located in Augusta, Georgia, from March of 2005 until November of 2006, Athens, Georgia, from August of 2013 to the present, and Statesboro, Georgia from June of 2013 to the present.

14. Plaintiff has expended a great deal of time, effort and money in the promotion and advertisement of its Goods and Services offered for sale and sold in connection with the Trademarks.

15. Plaintiff's growth and tremendous success is due in large part to the public's recognition of the high quality goods and services Plaintiff provides under the Trademarks. Based in part on this value, Plaintiff is continually expanding its business and offers its Goods and Services through a franchise system throughout the United States. Authorized franchisees, area developers and other licensees associated with Plaintiff's franchise system are or will be licensed to use the Trademarks in connection with the Goods and Services and Plaintiff supervises or will supervise the nature and quality of the services they perform and the goods they sell. Plaintiff allows or will only allow its Trademarks to be used by franchisees, area developers and licensees that meet

strict criteria and who are capable of cultivating the sterling image and reputation of Plaintiff and its Goods and Services.

16. As a direct result of Plaintiff's efforts, the general public associates the Trademarks, when used by Plaintiff and to be used by its authorized franchisees and licensees, as identifying Plaintiff as the single source of the goods and services sold and offered for sale under the Trademarks. The Trademarks distinguish Plaintiff's goods and services from products and services offered by others. Without question, the Trademarks are unique and arbitrary. As a result of the widespread and continuous use and promotion of the Trademarks, they are distinctive and/or have acquired secondary meaning in the minds of customers.

17. Also as a result of Plaintiff's widespread and continuous use and promotion of the Trademarks on the large variety of goods and services, the Trademarks have become widely known and recognized as identifying Plaintiff as the source of the goods and services. The Trademarks represent and embody the enviable reputation and very valuable goodwill of Plaintiff among members of the trade and the purchasing public.

### DEFENDANT

18. Defendant is operating a delicatessen under the name GROUCHY'S, which has caused and will cause confusion in the market place and infringes upon Plaintiff's rights. Defendant receives a direct benefit from the infringing

activities. A copy of Defendant's website home page is attached hereto as Exhibit "B" and incorporated herein by this reference.

## TRADEMARK AND SERVICE MARK INFRINGEMENT

19. Well prior to filing this lawsuit, on February 11, 2004, Plaintiff, through its legal counsel, sent a letter to Defendant, which put Defendant on actual notice of Plaintiff's trademark registrations. In the 2004 letter, Plaintiff explained that although it was not then operating a store in the Atlanta area, there were plans to open a Groucho's delicatessen in the region in the "not too distant future," and that "[o]nce this occurs, we will take the appropriate legal action to stop this infringement." A copy of the 2004 letter is attached hereto as Exhibit "C". Plaintiff received no response from Defendant.

20. Since 2004, circumstances of both parties have changed. Upon information and belief, Defendant opened up a second Grouchy's restaurant in Norcross, Georgia, in 2009. Additionally, Plaintiff has expanded its business from three restaurants in 2000, to seven restaurants in 2004 (when Plaintiff sent the 2004 letter to Defendant), to fifteen restaurants in 2009 (when, upon information and belief, Defendant opened its second restaurant), to 28 restaurants today, including a pair of Georgia restaurants, one in Statesboro, Georgia (May, 2013) and another in Athens, Georgia (July, 2013). Further, Plaintiff has plans underway for a restaurant in Savannah, Georgia, and Atlanta,

Georgia. Plaintiff became aware of Defendant's second Grouchy's restaurant in Norcross in June of 2013, and Plaintiff is including an affidavit from Bruce Miller, President of Plaintiff company, attesting to that fact. The Miller affidavit is attached hereto as Exhibit "D".

21. Shortly after discovering Defendant's second restaurant, Plaintiff, through its legal counsel, demanded in writing that Defendant cease using the Trademarks and contact Plaintiff's counsel to coordinate an immediate cessation of all uses of the Trademarks. Plaintiff's counsel sent cease and desist letters on July 25, 2013 and November 8, 2013. Defendant responded to Plaintiff's letter of November 8, 2013, through its counsel, on November 21, 2013. Plaintiff's counsel then sent an email to Defendant's counsel regarding settlement of the issues on January 22, 2014, and as of the filing of the original complaint in this action, had received no further response. Copies of the correspondence between the parties are attached hereto as Exhibit "E" and incorporated herein by reference.

22. Defendant's unauthorized use of the Trademarks creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of their goods and services such that consumers are likely to believe, contrary to fact, that Defendant's business is associated or affiliated with Plaintiff and that Defendant's business is an authorized licensee, which it is not, all to Plaintiff's

irreparable loss and damage. In addition, Defendant's acts complained of herein injure Plaintiff's valuable goodwill and well established business reputation.

23. Not only is confusion likely, but actual confusion with the public is occurring, as Plaintiff has received inquiries from customers regarding the relationship between Plaintiff's business and Defendants' business.

24. Defendant's actions were and continue to be taken in willful and malicious disregard of Plaintiff's rights.

25. Defendant's infringing activities have caused Plaintiff monetary harm.

26. Defendant's unauthorized use of Plaintiff's Trademarks is a deceptive practice that has an adverse impact on the public interest.

27. Defendant has also received a significant number of negative or poor customer reviews on various websites on the internet.  Examples of such negative reviews for Defendant's restaurants have been compiled, and are attached hereto as Exhibit "F."  These negative reviews of Defendant's restaurants, combined with public confusion between Defendant's and Plaintiff's respective trademarks, serve to taint and damage Plaintiff's longstanding goodwill and business reputation.

28. Defendant has further received a number of negative or unsatisfactory inspection reports from, inter alia, the Gwinnett County Board of

Health and the Georgia Department of Human Resources. Examples of such negative health reports are attached hereto as Exhibit "G." These negative inspection reports of Defendant's restaurants, combined with public confusion between Defendant's and Plaintiff's respective trademarks, serve to taint and damage Plaintiff's longstanding goodwill and business reputation.

29. By virtue of Defendant's actions described herein, Plaintiff is being irreparably harmed and does not have an adequate remedy at law because Plaintiff's special interest in protecting the integrity of the Trademarks and in preventing customer confusion are being seriously threatened. Actual confusion of purchasers has already occurred and will continue to occur in the future unless Defendant is enjoined from continuing its unlawful conduct. Plaintiff's irreparable injury also includes, without limitation, harm to the value of its goodwill and business reputation and its ability to exclusively maintain its Trademarks to the exclusion of all others. Defendant is also irreparably harming the ability of Plaintiff to maintain its relationships with its existing and identifiable prospective customers and with its potential franchisees and franchise system.

30. Plaintiff is likely to succeed on the merits of its claims. Any harm to Defendant if injunctive relief is granted would be outweighed by the harm that

would result to Plaintiff if injunctive relief is not granted. The public interest would be served by the granting of injunctive relief

31. Plaintiff has hired the undersigned law firms and obligated itself to pay a reasonable attorneys' fee.

32. All conditions precedent to the bringing of this action has occurred, have been performed, have been fulfilled, or have been waived.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

33. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 32 above as if fully set forth herein.

34. This count is for infringement of federally registered trademarks and service marks in violation of the Lanham Act, 15 U.S.C. § 1051-1129.

35. The acts of Defendant complained of herein constitute trademark and service mark infringement of Plaintiff's federally registered Trademarks, as depicted in the Registrations, in violation of 15 U.S.C. § 1114-1118.

36. By virtue of the foregoing conduct and as a proximate result there from, Plaintiff has been damaged and is entitled to injunctive relief.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125(a))

37. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 above as if fully set forth herein.

38. This count is for infringement of trademark and service mark rights and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051-1129.

39. Defendants have deliberately and willfully attempted to trade on GROUCHO'S longstanding and hard-earned goodwill in its name and marks and the reputation established by GROUCHO'S in connection with its products and services, as wll as in order to confuse consumers as to the origin and sponsorship of Defendants' goods and services and to pass off their products and services in commerce as those of GROUCHO'S.

40. Defendants' unauthorized and tortuous conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products and services offered under GROUCHO'S marks, placing the valuable reputation and goodwill of GROUCHO'S in the hands of Defendants.

41. Defendant's acts set forth above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services, in violation of 15 U.S.C. § 1125(a).

42. Defendants had direct and full knowledge of GROUCHO'S prior use of and rights in its mark before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

43. As a result of Defendants' aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by GROUCHO'S in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

44. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 43 above as if fully set forth herein.

45. This count is for trademark and service mark infringement and unfair competition under the common laws of the State of Georgia.

46. Through continuous and exclusive use of the Trademarks, Plaintiff, through its licensees and/or franchisees, has acquired common law rights in its Trademarks. Plaintiff possesses common law rights in the same geographic areas that Defendants operate their restaurants.

47. Defendant's acts set forth above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services, in violation of the common laws of the State of Georgia.

48. By virtue of the foregoing conduct and as a proximate result there from, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff GROUCHO'S FRANCHISE SYSTEMS, LLC demands judgment against Defendant GROUCHY'S, as follows:

(a) A declaration that Plaintiff is the owner of the entire right, title, and interest in and to the Trademarks and Registrations;

(b) A declaration that Plaintiff's rights in the Trademarks and Registrations are valid, enforceable, and has been infringed by Defendant, and that Defendant has violated other relevant federal laws and regulations;

(c) Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademarks or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized GROUCHO'S licensee or as being affiliated with or sponsored by Plaintiff in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff; and (iv) otherwise infringing Plaintiff's rights in the Trademarks and Registrations and competing unfairly with Plaintiff;

(d) Pursuant to 15 U.S.C. § 1116(a) and 1118, an order requiring Defendant to deliver up to Plaintiff for destruction all signs, advertisements,

literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademarks or marks owned by Plaintiff or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

    (e)    Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant to notify all of their existing and prospective customers of the Court's Order;

    (f)    Pursuant to 15 U.S.C. § 1116 (a), an order requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

    (g)    Actual and consequential damages proximately caused by Defendant's actions including, without limitation, Defendant's profits and any damages sustained by Plaintiff pursuant to 15 U.S.C. § 1117(a);

    (h)    A trebling of all damages awarded pursuant to 15 U.S.C. § 1117(a);

    (i)    Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117(a);

    (j)    Prejudgment interest and the costs of this action; and

    (k)    Such further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable as a matter of right.

        **MANER CRUMLY CHAMBLISS LLP**

        **/s/ Jonathan D Crumly, Sr.**
        Jonathan D. Crumly, Sr.
        Georgia Bar No. 199466
        Vinings Square, Suite B-101
        2900 Paces Ferry Road
        Atlanta, Georgia 30339
        Telephone: (770) 434-0310
        Facsimile: (404) 549-4666
        Email: jcrumly@ManerCC.com

        Thomas L. Moses
        Fed. ID 7049
        SOUTHEAST IP GROUP, LLC
        13-B West Washington Street
        Greenville, South Carolina 29601
        Telephone: (864) 509-1905
        Facsimile: (864) 509-1907
        E-mail: tmoses@seiplaw.com
        (Admitted Pro Hac Vice)

        *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Groucho's Franchise Systems, LLC,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.** |
| **Grouchy's New York Deli and Bagels.** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

**CERTIFICATE OF COMPLIANCE**

The undersigned attorney hereby certifies, pursuant to L.R. 7.1, ND Ga., that the foregoing **AMENDED AND RESTATED COMPLAINT** was prepared in accordance with L.R. 5.1, ND Ga. using Book Antiqua font, 13 point.

/s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.
Georgia Bar No. 199466

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Groucho's Franchise Systems, LLC,<br>      Plaintiff,<br><br>      v.<br><br>Grouchy's New York Deli and Bagels.<br>      Defendant. | CIVIL ACTION NO.<br>1:14-cv-01725-LMM |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **AMENDED AND RESTATED COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 12th day of December, 2014.

/s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.
Georgia Bar No. 199466
jcrumly@ManerCC.com