IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Groucho's Franchise Systems, LLC,<br>            Plaintiff,<br><br>            v.<br><br>Grouchy's New York Deli and Bagels.<br>            Defendant. | CIVIL ACTION NO.<br>1:14-cv-01725-LMM |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

   **(a) Describe briefly the nature of this action.**

   This action primarily involves allegations of trademark infringement of a federally registered trademark under the Lanham Act, as well as other, similar or related causes of action, including 'false designation of origin,' and 'common law trademark infringement and unfair competition.'

   **(b) Summarize the facts of this case. The summary should not be argumentative nor recite evidence.**

   Plaintiff, a franchisor, owns the trademark GROUCHO'S. Groucho's has been used as the name of a delicatessen since 1941. Currently Plaintiff has franchise agreements for restaurants to operate under that name in numerous locations in the southeastern United States, including Georgia. Defendant operates delicatessens in metropolitan Atlanta, Georgia, under the name

GROUCHY'S.  Plaintiff alleges that Defendant's use of the name GROUCHY'S infringes on Plaintiff's trademark and service mark rights.

Defendant denies any infringement of Plaintiff's trademark or service mark rights. Defendant owns a stylized trademark that incorporates the name GROUCHY'S as part of Defendant's registered logo. Defendant asserts that its marks are not similar to or infringing upon the Plaintiff's mark.  Defendant also asserts that laches bars the Plaintiff from asserting its claims because of the Plaintiff failed to object to Defendant's trademark application or take any other steps over the past decade to stop Defendant's use of the mark.

**(c) The legal issues to be tried are as follows:**

This action arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq. and the common law of the Georgia as a result of Defendant's alleged infringement of the Plaintiff's registered and common law trademarks and service mark rights, and other alleged unlawful activities conducted by Defendant in connection with such infringement. Plaintiff's claims also involve a cause of action for a violation of common law trademark infringement and unfair competition under Georgia law.

Defendant asserts that its registered trademark does not infringe upon Plaintiff's mark.  Further, Defendant asserts that laches barrs Plaintiff from pursuing its claims.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

Not Applicable

**(2) Previously Adjudicated Related Cases:**

Not Applicable

**2. This case is complex because it possesses one or more of the features listed below** (please check):

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_X\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_X\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_ X \_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information.

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

Thomas Moses

**Defendant:**

Wayne Tartline

**4. Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

\_\_\_\_Yes \_\_X\_\_No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

Not Applicable

**(b) The following persons are improperly joined as parties:**

Not Applicable

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Not Applicable

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

No amendments to the pleadings are anticipated at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No scheduling conference is requested by either party.

10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

- Plaintiff's damages claims, including Defendant's profits arising from the alleged infringement.

- Market confusion (of lack thereof) due to alleged mark infringement.

- History of each party's claims to mark registration and claims related to those marks.

- Facts relevant to Plaintiff's infringement claims.

- Facts relevant to Defendant's affirmative defenses, including laches.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties anticipate that it will take eight months to complete discovery, due to the amount of electronic discovery and the anticipated use of expert witnesses.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this

**Court, and what other limitations should be imposed?**

The Parties request that because they treated the Motion to Dismiss as a stay to discovery that discovery shall be deemed to have commenced on August 7, 2015, thirty days after Defendant filed its Answer.

The Parties also request the ability to interpose 40 interrogatories per party in lieu of the 25 allowed by the rules.

**(b) Is any party seeking discovery of electronically stored information?**

\_\_\_\_X\_\_\_\_ Yes _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree that the initial production of any document should be in Portable Document Format (PDF) with bates labels applied. The producing party will, at the time of such initial production, provide an index to all documents produced indicated by bates range the native file format of all documents.

Following the exchange of PDF files and index showing the native file format, if the receiving party deems the native file format of one or more documents to be necessary the parties agree to work together to arrange for the production of the native format in a method agreed to preserve all metadata and other ESI necessary for the review of the receiving party.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**
What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties request that a confidentiality order be put in place for the sensitive information.

**13. Settlement Potential:**
(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 22, 2015, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For plaintiff: Lead counsel (signature):**

/s/ Thomas L. Moses
Fed. ID 7049
(Admitted Pro Hac Vice)

**Other participants:**
Jonathan D. Crumly
J. William Fawcett

**For defendant: Lead counsel (signature):**

/s/ Wayne S. Tartline
Georgia Bar No.: 698346

**Other participants:**
David A. Harris

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:
(__X__) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel(__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is September 4, 2015.

(d) The following specific problems have created a hindrance to settlement of this case.

None.

**14. Trial by Magistrate Judge:**
Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (_X__) do not consent to having this case tried before a magistrate
judge of this Court.

| | |
|---|---|
| **SOUTHEAST IP GROUP, LLC** | **BOVIS, KYLE, BURCH & MEDLIN, LLC** |
| /s/Thomas L. Moses | /s/Wayne S. Tartline |
| Thomas L. Moses | Wayne S. Tartline |
| Fed. ID 7049 | Georgia Bar No. 698346 |
| 13-B West Washington Street | David A. Harris |
| Greenville, South Carolina 29601 | Georgia Bar No. 668708 |
| Telephone: (864) 509-1905 | 200 Ashford Center North |
| Facsimile: (864) 509-1907 | Suite 500 |
| E-mail: tmoses@seiplaw.com | Atlanta, Georgia 30338 |
| (Admitted Pro Hac Vice) | Telephone: (770) 391-9100 |
| | Facsimile: (770) 668-0878 |
| Jonathan D. Crumly, Sr. | E-mail: wst@boviskyle.com |
| Georgia Bar No. 199466 | dah@boviskyle.com |
| J. William Fawcett | |
| Georgia Bar No. 646162 | |
| **MANER CRUMLY CHAMBLISS LLP** | |
| 2900 Paces Ferry Road | |
| Suite B-101 | |
| Atlanta, Georgia 30339 | |
| Telephone: (770) 434-0310 | |
| Facsimile: (404) 549-4666 | |
| Email: jcrumly@ManerCC.com | |
| wfawcett@ManerCC.com | |

*Attorneys for Plaintiff*

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2015.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE