UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, SW
ATLANTA, GEORGIA 30303-3361

JAMES N. HATTEN
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

September 23, 2016

Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**U.S.D.C. No.: 1:14-cv-1725-LMM**
**U.S.C.A. No.: 00-00000-00**
**In re: *Groucho's Franchise Systems, LLC v. Gelco of GA, Inc.***

Enclosed are documents regarding an appeal in this matter. Please acknowledge receipt on the enclosed copy of this letter.

**X** **Certified copies of the notice of appeal, docket sheet and judgment and/or order appealed enclosed.**

____ This is not the first notice of appeal. Other notices were filed on: .

**X** **There is no transcript.**

____ The court reporter is .

____ There is sealed material as described below: .

____ Other: .

**X** **Fee paid electronically on 9/22/16. (Receipt# 113E-6714021).**

____ Appellant has been leave to file *in forma pauperis.*

____ This is a bankruptcy appeal. The Bankruptcy Judge is .

____ The Magistrate Judge is .

**X** **The District Judge is Leigh Martin May.**

____ This is a **DEATH PENALTY** appeal.

Sincerely,

James N. Hatten
District Court Executive
and Clerk of Court

By: /s/P. McClam
Deputy Clerk

Enclosures

8months,APPEAL,CLOSED,LMMLC1,PROTO

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:14−cv−01725−LMM

Groucho's Franchise Systems, LLC v. Gelco of GA, Inc.
Assigned to: Judge Leigh Martin May
Cause: 28:1338 Trademark Infringement

Date Filed: 06/04/2014
Date Terminated: 08/24/2016
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Groucho's Franchise Systems, LLC** represented by

**Jonathan Dean Crumly , Sr.**
Maner Crumley Chambliss, LLP
Suite B−101
Vingings Square
2900 Paces Ferry Road
Atlanta, GA 30339
770−434−0310
Fax: 404−549−4666
Email: jcrumly@manercc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L. Moses**
Southeast IP Group, LLC
13−B West Washington Street
Greenville, SC 29601
864−509−1905
Email: tmoses@seiplaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John William Fawcett**
Maner Crumley Chambliss, LLP
Suite B−101
Vinings Square
2900 Paces Ferry Road
Atlanta, GA 30339
678−819−8339
Email: wfawcett@manercc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Grouchy's Deli, Inc.**
*TERMINATED: 12/17/2015*

represented by **Charles McCall Medlin**
Bovis, Kyle, Burch &Medlin, LLC

*doing business as*
Grouchy's New York Deli and Bagels
*TERMINATED: 12/17/2015*

200 Ashford Center North
Suite 500
Atlanta, GA 30338−2668
770−391−9100
Email: cmm@boviskyle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A. Harris**
Bovis, Kyle, Burch &Medlin, LLC
200 Ashford Center North
Suite 500
Atlanta, GA 30338−2668
770−391−9100
Fax: 770−688−0878
Email: dah@boviskyle.com
*ATTORNEY TO BE NOTICED*

**Wayne Stephen Tartline**
Bovis, Kyle, Burch &Medlin, LLC
200 Ashford Center North
Suite 500
Atlanta, GA 30338−2668
770−391−9100
Fax: 770−668−0878
Email: WST@BOVISKYLE.COM
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gelco of GA, Inc.**
*doing business as*
Grouchy's New York Deli and Bagels

represented by **David A. Harris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wayne Stephen Tartline**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/04/2014 | 1 | | COMPLAINT with Jury Demand, filed by Groucho's Franchise Systems, LLC. ( Filing fee $ 400.00 receipt number 113E−5221591.) (Attachments: # 1 Exhibit −A, # 2 Exhibit −B, # 3 Exhibit −C, # 4 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 06/06/2014) |
| 06/05/2014 | 2 | | Electronic Summons Issued as to Grouchy's Deli, Inc.. (eop) (Entered: 06/06/2014) |
| 06/06/2014 | 3 | | AO Form 120 forwarded to Commissioner. (eop) (Entered: 06/06/2014) |

| | | | |
|---|---|---|---|
| 06/27/2014 | 4 | | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Thomas L. Moses. Clerk to follow−up by 7/28/2014. (pb) (Entered: 06/27/2014) |
| 06/27/2014 | 5 | | APPLICATION for Admission of Thomas L. Moses Pro Hac Vice (Application fee $ 150, receipt number 113E−5262199)by Groucho's Franchise Systems, LLC. (Crumly, Jonathan) (Entered: 06/27/2014) |
| 07/03/2014 | | | APPROVAL by Clerks Office re: 5 APPLICATION for Admission of Thomas L. Moses Pro Hac Vice (Application fee $ 150, receipt number 113E−5262199). Attorney Thomas L. Moses added appearing on behalf of Groucho's Franchise Systems, LLC (cdg) (Entered: 07/03/2014) |
| 07/07/2014 | | | ORDER (by docket entry only) granting 5 Application for Admission Pro Hac Vice of Thomas L. Moses. Ordered by Judge William S. Duffey, Jr. on 7/7/14. (jdb) (Entered: 07/07/2014) |
| 10/02/2014 | 6 | | ACKNOWLEDGMENT OF SERVICE Executed filed by Groucho's Franchise Systems, LLC. Grouchy's Deli, Inc. served on 9/29/2014. (Crumly, Jonathan) (Entered: 10/02/2014) |
| 11/26/2014 | 7 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Grouchy's Deli, Inc.. (Attachments: # 1 Brief Memorandum of Law Supporting Defendant's Motion to Dismiss Complaint for Damages and Injunctive Relief, # 2 Exhibit Exhibit A to Memorandum of Law Supporting Defendant's Motion to Dismiss Complaint for Damages and Injunctive Relief)(Tartline, Wayne) (Entered: 11/26/2014) |
| 11/26/2014 | | | Case Reassigned to Judge Leigh Martin May. Judge William S. Duffey, Jr no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:14−CV−1725−LMM. Please make note of this change in order to facilitate the docketing of pleadings in this case. (anc) (Entered: 11/26/2014) |
| 12/09/2014 | 8 | | STANDING ORDER Regarding Civil Litigation in cases proceeding before Judge May. Signed by Judge Leigh Martin May on 12/09/2014. (rvb) (Entered: 12/09/2014) |
| 12/12/2014 | 9 | | RESPONSE in Opposition re 7 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Groucho's Franchise Systems, LLC. (Crumly, Jonathan) (Entered: 12/12/2014) |
| 12/12/2014 | 10 | | First AMENDED COMPLAINT against All Defendants with Jury Demand, filed by Groucho's Franchise Systems, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Crumly, Jonathan) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 12/12/2014) |
| 12/22/2014 | 11 | | REPLY BRIEF re 7 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Grouchy's Deli, Inc.. (Tartline, Wayne) (Entered: 12/22/2014) |
| 12/31/2014 | | | Submission of 7 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , submitted to District Judge Leigh Martin May. (ddm) (Entered: 12/31/2014) |

| | | | |
|---|---|---|---|
| 07/01/2015 | 12 | | ORDER denying 7 Defendant's Motion to Dismiss. Signed by Judge Leigh Martin May on 7/1/15. (ddm) (Entered: 07/01/2015) |
| 07/08/2015 | 13 | | ANSWER to 10 Amended Complaint by Grouchy's Deli, Inc.. Discovery ends on 12/7/2015.(Tartline, Wayne) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 07/08/2015) |
| 07/14/2015 | 14 | | NOTICE of Appearance by David A. Harris on behalf of Grouchy's Deli, Inc. (Harris, David) (Entered: 07/14/2015) |
| 07/14/2015 | 15 | | Certificate of Interested Persons by Grouchy's Deli, Inc.. (Harris, David) (Entered: 07/14/2015) |
| 07/15/2015 | | | Clerks Notation re 15 Certificate of Interested Persons, reviewed and approved by LMM. (rvb) (Entered: 07/15/2015) |
| 08/07/2015 | 16 | | CERTIFICATE OF SERVICE *OF DEFENDANT'S INITIAL DISCLOSURES* by Grouchy's Deli, Inc..(Harris, David) (Entered: 08/07/2015) |
| 08/13/2015 | 17 | | CERTIFICATE OF SERVICE *of Plaintiff's Initial Disclosures* by Groucho's Franchise Systems, LLC.(Crumly, Jonathan) (Entered: 08/13/2015) |
| 08/19/2015 | 18 | | First JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Groucho's Franchise Systems, LLC. (Crumly, Jonathan) (Entered: 08/19/2015) |
| 08/21/2015 | 19 | | SCHEDULING ORDER approving the parties' 18 Joint Preliminary Report and Discovery Plan and noting that discovery will expire in eight months. Signed by Judge Leigh Martin May on 8/20/15. (ddm) (Entered: 08/21/2015) |
| 08/27/2015 | 20 | | CERTIFICATE OF SERVICE *OF GROUCHY'S DELI, INC.'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF* by Grouchy's Deli, Inc..(Harris, David) (Entered: 08/27/2015) |
| 09/28/2015 | 21 | | NOTICE of Appearance by John William Fawcett on behalf of Groucho's Franchise Systems, LLC (Fawcett, John) (Entered: 09/28/2015) |
| 09/28/2015 | 22 | | CERTIFICATE OF SERVICE *of First Request for Production* by Groucho's Franchise Systems, LLC.(Fawcett, John) (Entered: 09/28/2015) |
| 09/28/2015 | 23 | | CERTIFICATE OF SERVICE *First Interrogatories* by Groucho's Franchise Systems, LLC.(Fawcett, John) (Entered: 09/28/2015) |
| 10/23/2015 | 24 | | STIPULATION *for Stipulated Protective Order* by Grouchy's Deli, Inc.. (Harris, David) (Entered: 10/23/2015) |
| 10/23/2015 | 25 | | STIPULATED PROTECTIVE ORDER. Signed by Judge Leigh Martin May on 10/23/15. (ddm) (Entered: 10/23/2015) |
| 10/27/2015 | 26 | | CERTIFICATE OF SERVICE *Plaintiff's Responses To Defendant Grouchy's Deli, Inc. First Request For Production of Documents* by Groucho's Franchise Systems, LLC.(Fawcett, John) (Entered: 10/27/2015) |
| 10/27/2015 | 27 | | CERTIFICATE OF SERVICE *Plaintiff's Responses To Defendant Grouchy's Deli, Inc. First Request Interrogatories* by Groucho's Franchise Systems, LLC.(Fawcett, John) (Entered: 10/27/2015) |
| 12/11/2015 | 28 | | |

| | | | |
|---|---|---|---|
| | | | CERTIFICATE OF SERVICE *Defendant's Responses to Plaintiff's First Interrogatories and Requests for Production* by Grouchy's Deli, Inc..(Harris, David) (Entered: 12/11/2015) |
| 12/17/2015 | 29 | | Joint MOTION to Substitute Party Gelco of GA, Inc.by Grouchy's Deli, Inc.. (Attachments: # 1 Text of Proposed Order)(Harris, David) (Entered: 12/17/2015) |
| 12/17/2015 | 30 | | ORDER granting 29 Motion to Substitute Party. Gelco of GA, Inc. added. Grouchy's Deli, Inc. terminated. Signed by Judge Leigh Martin May on 12/17/15. (jpa) (Entered: 12/17/2015) |
| 03/16/2016 | 31 | | CERTIFICATE OF SERVICE *Notice of Depositions* by Groucho's Franchise Systems, LLC.(Crumly, Jonathan) (Entered: 03/16/2016) |
| 03/17/2016 | 32 | | CERTIFICATE OF SERVICE *OF DISCOVERY* by Gelco of GA, Inc..(Harris, David) (Entered: 03/17/2016) |
| 04/13/2016 | 33 | | CERTIFICATE OF SERVICE *of Discovery* by Gelco of GA, Inc..(Tartline, Wayne) (Entered: 04/13/2016) |
| 04/29/2016 | 34 | | DEPOSITION of Groucho's Franchise Systems, LLC, through Bruce Miller taken on 04/19/2016 by Gelco of GA, Inc.. (Attachments: # 1 Exhibit 1 − Amended Notice of Rule 30(b)(6) Deposition, # 2 Exhibit 2 − Complaint, # 3 Exhibit 3 − Amended Complaint, # 4 Exhibit 4 − "About Us" Section from Groucho's Deli Website, # 5 Exhibit 5 − Tweet re Groucho's, # 6 Exhibit 6 − Letter from Thomas L. Moses to Carolina Dog and Deli, # 7 Exhibit 7 − Letter from Michael E. Wever to Bruce Cohn)(Harris, David) (Entered: 04/29/2016) |
| 04/29/2016 | 35 | | Request to File Original Discovery *to Groucho's Franchise Systems, LLC* by Gelco of GA, Inc..(Harris, David) (Entered: 04/29/2016) |
| 05/03/2016 | 36 | | MOTION for Summary Judgment with Brief In Support by Gelco of GA, Inc.. (Attachments: # 1 Statement of Material Facts, # 2 Brief, # 3 Index to Exhibits, # 4 Exhibit A − Cohn Declaration, # 5 Exhibit B − Miller Depo. (Cited Portions), # 6 Exhibit C − Plaintiff's Responses to Defendant's Interrogatories, # 7 Exhibit D − Groucho's Website "About Us", # 8 Exhibit E − Groucho's Registrations, # 9 Exhibit F − Letter dated Feb. 11, 2004, # 10 Exhibit G − Letter dated July 25, 2013, # 11 Exhibit H − Twitter Messages, # 12 Request for Oral Argument)(Harris, David) −−Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.−− (Entered: 05/03/2016) |
| 05/17/2016 | 37 | | Application for Leave of Absence for the following date(s): June 4, June 5, June 6, June 7, June 8, June 9, June 10, June 11, by John William Fawcett. (Attachments: # 1 Text of Proposed Order Proposed Order)(Fawcett, John) (Entered: 05/17/2016) |
| 05/24/2016 | 38 | | Response to Statement of Material Facts re 36 MOTION for Summary Judgment filed by Groucho's Franchise Systems, LLC. (Fawcett, John) (Entered: 05/24/2016) |
| 05/24/2016 | 39 | | Statement of Material Facts re 36 MOTION for Summary Judgment filed by Groucho's Franchise Systems, LLC. (Fawcett, John) (Entered: 05/24/2016) |

| | | | |
|---|---|---|---|
| 05/24/2016 | 40 | | RESPONSE in Opposition re 36 MOTION for Summary Judgment filed by Groucho's Franchise Systems, LLC. (Attachments: # 1 Exhibit Petition to Cancel, # 2 Exhibit Declaration of Use, # 3 Exhibit Menus, # 4 Exhibit Facebook, # 5 Exhibit Excerpts of Cohn Deposition)(Fawcett, John) (Entered: 05/24/2016) |
| 06/02/2016 | 41 | | RESPONSE re 39 Statement of Material Facts filed by Gelco of GA, Inc.. (Attachments: # 1 Exhibit A − Cited excerpts from Plaintiff's Deposition, # 2 Exhibit B − Cited excerpts from Defendant's Deposition)(Harris, David) (Entered: 06/02/2016) |
| 06/02/2016 | 42 | | REPLY to Response to Motion re 36 MOTION for Summary Judgment filed by Gelco of GA, Inc.. (Harris, David) (Entered: 06/02/2016) |
| 06/21/2016 | | | Submission of 36 MOTION for Summary Judgment , submitted to District Judge Leigh Martin May. (ddm) (Entered: 06/21/2016) |
| 07/29/2016 | 43 | | NOTICE by Gelco of GA, Inc. re 40 Response in Opposition to Motion, *NOTICE REGARDING STAY OF PETITION TO CANCEL* (Attachments: # 1 Exhibit A − USPTO Order Granting Stay of Petition to Cancel)(Harris, David) (Entered: 07/29/2016) |
| 08/24/2016 | 44 | 8 | ORDER granting 36 Motion for Summary Judgment. Signed by Judge Leigh Martin May on 8/24/16. (hfm) (Entered: 08/24/2016) |
| 08/24/2016 | | | Civil Case Terminated. (hfm) (Entered: 08/24/2016) |
| 08/24/2016 | 46 | | AO Form 120 forwarded to Commissioner. (hfm) (Entered: 08/24/2016) |
| 08/25/2016 | 47 | | BILL OF COSTS by Gelco of GA, Inc.. (Harris, David) (Entered: 08/25/2016) |
| 08/25/2016 | 48 | 22 | AMENDED JUDGMENT entered for Defendant and against Plaintiff for costs of action. (Amended to correct scrivners error) (hfm)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 08/25/2016) |
| 09/07/2016 | 49 | | MOTION for Attorney Fees with Brief In Support by Gelco of GA, Inc.. (Attachments: # 1 Brief)(Harris, David) (Entered: 09/07/2016) |
| 09/12/2016 | 50 | | Costs Taxed in amount of $ 1,736.48 against Plaintiff. (hfm) (Entered: 09/12/2016) |
| 09/13/2016 | 51 | | STIPULATION re 49 MOTION for Attorney Fees *Seeking Order Bifurcating Motion* by Gelco of GA, Inc.. (Attachments: # 1 Text of Proposed Order)(Harris, David) (Entered: 09/13/2016) |
| 09/13/2016 | 52 | | ORDER: Defendant has filed Defendant's Motion for Attorneys' Fees 49 in which it has identified the approximate total amount of fees and nontaxable costs sought. The parties have stipulated to the bifurcation of that motion. The Parties' stipulation 51 concerning the motion is approved and made an order of the Court. In the event Defendant's Motion for Attorneys' Fees is granted, Defendant shall have fourteen (14) days from the date of such order to file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation. Signed by Judge Leigh Martin May on 9/13/16. (hfm) (Entered: 09/13/2016) |
| 09/21/2016 | 53 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE in Opposition re 49 MOTION for Attorney Fees filed by Groucho's Franchise Systems, LLC. (Crumly, Jonathan) (Entered: 09/21/2016) |
| 09/22/2016 | 54 | | RESPONSE in Opposition re 49 MOTION for Attorney Fees *Supplemental* filed by Groucho's Franchise Systems, LLC. (Attachments: # 1 Exhibit Exhibit A)(Crumly, Jonathan) (Entered: 09/22/2016) |
| 09/22/2016 | 55 | 23 | NOTICE OF APPEAL as to 44 Order on Motion for Summary Judgment, 48 Clerk's Judgment by Groucho's Franchise Systems, LLC. Filing fee $ 505, receipt number 113E−6714021. Transcript Order Form due on 10/6/2016 (Crumly, Jonathan) (Entered: 09/22/2016) |
| 09/23/2016 | 56 | 27 | NOTICE Of Filing of NOA Transmittal Letter re: 55 Notice of Appeal. (pjm) (Entered: 09/23/2016) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GROUCHO'S FRANCHISE SYSTEMS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:14-CV-1725-LMM |
| GELCO OF GA, INC. d/b/a, GROUCHY'S NEW YORK DELI AND BAGELS, | : | |
| Defendant. | : | |

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [36]. After a review of the record and due consideration, the Court enters the following order:

## I. Background

Plaintiff Groucho's Franchise Systems, LLC ("Groucho's"), a South Carolina company, has operated deli-style restaurants throughout the southeastern United States since 1941. See Dkt. No. [41] ¶ 2. Plaintiff named the company "Groucho's" after the restaurant's founder, who supposedly resembled Groucho Marx. See Dkt. No. [36-1] ¶ 14. In conjunction with the restaurant, Plaintiff obtained two federal trademark registrations: (1) in February 1997, the service mark "GROUCHO'S"; and, (2) in March 2003, the "GROUCHO'S" logo.

See Dkt. No. [41] ¶ 3. The GROUCHO'S logo is a circular image—used in connection with GROUCHO'S sauces—on which the words "GROUCHO'S FAMOUS" surround a carton drawing of Groucho Marx. See Dkt. No. [36-1] ¶¶ 16-17. Plaintiff listed November 1, 2000 as the date of the logo's first use in commerce. See id. ¶ 18.

Defendant, Gelco of GA, Inc. d/b/a Grouchy's New York Deli and Bagels ("Grouchy's") has been operating a delicatessen in Alpharetta, Georgia since October 10, 2000. See Dkt. Nos. [38] ¶¶ 4, 7; [41] ¶ 4. Mr. Cohn, the restaurant's founder, selected the name "Grouchy's" to convey the theme of a New York-style delicatessen to local customers. See Dkt. No. [36-1] ¶ 5. Accordingly, the Grouchy's logo features a drawing of a grumpy man slouched in front of the word "GROUCHY'S" and the New York skyline. See id. ¶¶ 11, 27. The bottom of the logo reads "A New York Deli." See id. ¶ 11.

On February 11, 2004, Plaintiff's counsel sent Mr. Cohn a letter explaining that Plaintiff "plans to open an Atlanta location in the not so distant future," and that "[o]nce this occurs, we will take the appropriate legal action to stop this infringement." Dkt. No. [10-3] at 2. Two days later, Defendant filed a trademark application for the "Grouchy's" service mark. See Dkt. No. [41] ¶ 6. The trademark was officially registered on September 6, 2005, and listed October 31, 2000 as the date of the logo's first use in commerce. See id.

Following the 2004 letter, both Groucho's and Grouchy's opened—and subsequently closed—new locations. See Dkt. Nos. [36-1] ¶¶ 36, 42; [41] ¶¶ 9, 12.

In 2005, Defendant opened a second Grouchy's delicatessen in Norcross, Georgia. See Dkt. No. [36-1] ¶ 36. Defendant operated both restaurants until May 2010, when Defendant sold the Norcross[1] location and licensed Grouchy's recipes, trademarks and other propriety property to S&F Deli. See id. ¶ 40-41. Defendant terminated the licensing agreement with S&F Deli in October 2015. See id. ¶ 43. Around 2013-2014, Plaintiff opened restaurants in Statesboro, Georgia, Augusta, Georgia, and Athens, Georgia. See Dkt. No. [41] ¶ 26. All of Plaintiff's Georgia locations have since closed. See id. ¶ 12.

On July 25, 2013, Plaintiff's counsel sent a new letter to Defendant, in which Plaintiff "regretfully request[ed] that [Defendant] select another name for [Defendant's] business." Dkt. No. [10-5] at 2. Upon receiving the letter, Defendant placed plans to expand to new locations on hold; however Defendant did not respond until Plaintiff sent a second letter on November 8, 2013. See Dkt. No. [41] ¶ 14. On November 21, 2013, Defendant's counsel refused Plaintiff's demands, explaining that Defendant did "not believe there is any likelihood of confusion between the stylized mark used by [GROUCHY'S] and [GROUCHO'S] word mark." Dkt. No. [10-5] at 2.

Plaintiff filed its Complaint on June 6, 2014, seeking injunctive relief and damages for federal trademark infringement, federal unfair competition and false designation of origin, and common law trademark infringement and unfair

---

[1] Defendant's Statement of Material Facts refers to the "Roswell Location." Dkt. No. [36-1] ¶ 40. From context, the Court will assume that this is a scrivener's error, and that Defendant refers to the "Norcross Location."

competition. See Dkt. No. [1]. In alleging that Defendant infringed upon its trademark, Plaintiff cites three instances of actual confusion between the two delicatessens: (1) a payroll company mistakenly called GROUCHO'S instead of GROUCHY'S; (2) a social media conversation in which two Twitter users appeared to confuse the two restaurants; and, (3) an unnamed customer who was disappointed when he went to GROUCHY'S to purchase a GROUCHO's signature sandwich. See id. ¶¶ 51, 53, 55. Plaintiff also argues that both restaurants serve comparably priced food and advertise similarly on social media. See Dkt. No. [41] ¶¶ 47-49.

This Court denied Defendant's Motion to Dismiss [7] on July 10, 2015. Defendant filed this Motion for Summary Judgment [36] on May 3, 2016, asserting (1) Plaintiff's claims are barred by laches and/or acquiescence; and (2) in the event Plaintiff's claims are not barred by either doctrine, there is no likelihood of confusion between the two marks. See Dkt. No. [36] at 11, 17. Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment [40] on May 24, 2006, arguing that neither laches nor acquiescence are viable defenses, and that Plaintiff has established a prima facie case for trademark infringement. See Dkt. No. [40] at 2, 6, 17. Defendant filed a Response [36-2] on June 2, 2016.

## II. Legal Standard

Federal Rule of Civil Procedure 56 provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no "genuine

[dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. Id. (citations omitted). All reasonable doubts, however, are resolved in the favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

## III. Discussion

### a. Laches

Defendant first argues that Plaintiff's claims should be dismissed based on laches. See Dkt. No. [36-2] at 11. The equitable defense of estoppel by laches "may be applied to bar claims for trade dress or trademark infringement brought under the Lanham Act." Kason Indus. v. Component Hardware Grp., 120 F. 3d 1199, 1203 (11th Cir. 1997). To successfully assert laches as a defense, a defendant must prove three things: "(1) there was a delay in asserting a right or a claim, (2) the delay was not excusable, and (3) the delay caused [a defendant] undue prejudice." U.S. v. Barfield, 396 F.3d 1144, 1150 (11th Cir. 2005) (citing AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1545 (11th Cir. 1986)).

#### 1. Plaintiff Delayed Asserting its Claims

Because the Lanham Act does not contain a statute of limitations, the Eleventh Circuit applies "the period of analogous state law claims as the touchstone for laches." Kason, 120 F.3d at 1203 (citing AmBrit, 812 F.2d at 1545). In Kason, the Eleventh Circuit identified the four-year statute of limitations set forth in O.C.G.A. § 9-3-31 as the analogous period to apply when determining

whether the equitable defense of laches should bar an infringement claim brought under the Lanham Act. See Kason, 120 F.3d at 1204-05.

The undisputed facts of this case demonstrate that Plaintiff did not assert its claims against Defendant until long after the expiration of the four-year statute of limitations period. Plaintiff admits becoming aware of Grouchy's use of the GROUCHY's mark as early as February 2004. See Dkt. No. [41] ¶ 5. Yet Plaintiff waited until June 4, 2014—over ten years—to file this lawsuit. See Dkt. No. [1].[2] Despite its decade of inactivity, Plaintiff argues that it was not obligated to assert claims until it expanded into the Georgia market in 2013 and 2014, at which point Plaintiff "knew or should have known . . . that plaintiff had a provable infringement claim against defendant." Dkt. No. [40] at 7, n.6 (citing ProFitness Physical Therapy Center v. Pro-Fit Orthopedic & Sports Physical Therapy P.C., 314 F.3d 62, 70 (2d. Cir. 2002)). Considering Plaintiff brought this lawsuit at a time that both businesses are contracting—Plaintiff currently has no restaurants in Georgia and Defendant operates the single Alpharetta location—the Court finds no evidence supporting Plaintiff's contention that its infringement claim is more provable now than it was in 2004.

**2. Plaintiff's Delay was Inexcusable**

Alternatively, Plaintiff urges the Court to find its delay excusable in accordance with progressive encroachment. See Dkt. No. [40] at 7. The doctrine

[2] Even if the Court used July 25, 2013—the date of Plaintiff's cease and desist letter—to calculate the time in which Plaintiff delayed action, the 2013 date still "evidences a delay of over nine years." Dkt. No. [36-2] at 12.

of progressive encroachment excuses a plaintiff's delay in asserting trademark infringement claims where "a defendant begins use of a trademark or trade dress in the market, and then directs its marketing or manufacturing efforts such that it is placed more squarely in competition with the plaintiff." Kason, 120 F.3d at 1199; see also Kellog Co. v. Exxon Corp, 209 F.3d 562, 570 (6th Cir. 2000) (explaining that progressive encroachment is relevant where "the plaintiff does not bring suit right away because the nature of the defendant's infringement is such that the plaintiff's claim has yet to ripen into one sufficiently colorable to justify litigation.").

For example, in Kason, the plaintiff and defendant both manufactured commercial refrigeration and food services hardware in two different markets. 120 F.3d at 1201. The plaintiff alleged that, with regard to certain items, the defendant had been competing in one market and slowly encroached upon the plaintiff's primary market. See id. The Eleventh Circuit held that the district court should have evaluated the progressive encroachment theory from the point at which plaintiff could demonstrate the likelihood of confusion in its primary market. See id. at 1206. Thus, in essence, progressive encroachment is an "offensive countermeasure" that allows a plaintiff to delay bringing an infringement suit until the "likelihood of confusion looms large." See Kellog, 209 F.3d 562, 570-71 (quoting Sara Lee Corp. v. Kayser-Roth Corp., 81 F.3d 455, 462 (4th Cir. 1996)).

Here, Plaintiff asserts that its brief foray into the Georgia market, coupled with Defendant's operation of a second location, constitutes progressive encroachment. See Dkt. No. [36-2] at 8. However, Plaintiff does not offer any evidence that Defendant sought to place itself more squarely in competition with Groucho's. Unlike the plaintiff in Kason whose market was encroached upon by the defendant, Plaintiff placed *itself* more squarely in competition with Defendant when it opened restaurants in Georgia. Further, considering Plaintiff has yet to operate a restaurant in the Atlanta area, the Court cannot find that the likelihood of confusion looms larger now than it did a decade ago. See Dkt. No. [41] ¶¶ 10, 26. Accordingly, the doctrine of progressive encroachment does not excuse Plaintiff's delay in asserting its claims.

### 3. Defendant Suffered Undue Prejudice

Next, the Court finds Defendant has provided sufficient evidence of undue prejudice. Undue prejudice "may be shown if the plaintiff's unexcused failure to exercise its rights cause the defendant to rely to its detriment and build up a valuable business around its trademark." Chattanooga Mfg., Inc. v. Nike, Inc., 301 F.3d 789, 795 (7th Cir. 2002); see also A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1033 (Fed. Cir. 1992) ("[e]conomic prejudice may arise where a defendant . . . will suffer the monetary investments or incur damages which likely would have been prevented by earlier suit.")

In arguing that it suffered undue prejudice, Defendant contends that it "made significant economic investments" in the decade between Plaintiff's initial

letter and the filing of this suit. See Dkt. No. [42] at 6. Specifically, Defendant asserts that it has spent nearly $50,000 in advertising the GROUCHY'S mark, and over three million in operating the restaurant since 2004. See id. To counter Defendant's argument, Plaintiff simply restates the facts of Citibank, N.A. v. Citibank, N.A. v. Citibanc Grp., Inc., 724 F.2d 1540, 1546-47 (11th Cir. 1984), in which the court found that defendants did not suffer undue prejudice because the defendants expanded their use of plaintiff's mark "in the face of plaintiff's constant complaints." The case at hand is far from analogous—Plaintiff waited more than decade to take action after the initial letter; thus, Defendant hardly expanded their use of the mark despite "constant complaints." See Citibank, 724 F.2d at 1547. And when Plaintiff wrote Defendant in 2004, Plaintiff wrote it would only take "appropriate legal action to stop this infringement" when Plaintiff opened "an Atlanta location in the not too distant future"—a fact which has still not occurred now twelve years later. Dkt. No. [36-9] at 2.

Plaintiff counters that Defendant cannot show undue prejudice because Defendant abandoned its trademark when it entered into a "naked license," or it failed to supervise its licensee's use of the mark. See Dkt. No. [40] at 10-15. Trademark owners have a duty to oversee the quality of their licensees' products. Kentucky Fried Chicken Corp. v. Diversified Packaging Corp., 549 F.2d 368, 387 (5th Cir. 1977). "Failure to exercise such control and supervision for a significant period of time may estop *the trademark owner* from challenging the *use of the mark and business which the licensee has developed* during the period of such

unsupervised use." Sheila's Shine Products, Inc. v. Sheila Shine, Inc., 486 F.2d 114, 124 (5th Cir. 1973) (emphasis added).

Plaintiff has only cited one case for the proposition that a naked license is a defense to laches—First Interstate Bancorp v. Stenquist, No. C-89-4106 MHP, 1990 WL 299251, at *4 (N.D. Cal. 1990). See Pl.'s Resp., Dkt. No. [40] at 14 & n.11 ("Significantly, if Defendant is deemed to have entered into a naked license, which is equivalent to abandonment of its trademark, then such abandonment affects not only the calculation of any delay Plaintiff may have had in filing a lawsuit, but also undermines the Defendant's claim that it was prejudiced due to the amount of money it spent advertising and supposedly building the GROUCHY's brand.").

In First Interstate, the plaintiff and defendant both laid claim to the identical "First Interstate" mark. The defendant had argued three possible defenses to its alleged infringement: (1) that it had used the First Interstate mark prior to plaintiff's registration of the mark, and thus was a good faith prior user of the mark; (2) that plaintiff sat on its right and should be barred by laches; and (3) the plaintiff fraudulently obtained its registration. The Northern District of California had previously held on partial summary judgment that the defendant had abandoned its use of the First Interstate mark when it entered into a naked license in 1988, approximately two years before this First Interstate decision.

The Northern District of California first held that the defendant's naked license, or abandonment of the mark, worked as a break in the continuous use necessary to prove priority over the registrant, and the defendant could not be a good faith prior user. Next, the court held, relying on the Supreme Court's opinions in McLean v. Fleming, 96 U.S. 245, 253 (1877) and Menendez v. Holt, 128 U.S. 514, 524-25 (1888), that "[e]quity courts will not, in general, refuse an injunction on account of delay in seeking relief, where the proof of infringement is clear . . . ." First Interstate, 1990 WL 299251, at *4 (quoting McLean, 96 U.S. 245). Because the defendant was using the *identical mark* as the plaintiff, it was clear that the defendant's use of the mark had, and would continue to, infringe on the plaintiff's use. First Interstate, 1990 WL 299251, at *4-5 (finding that customers, postal workers, and a bank had confused the two businesses). And, the court found that the plaintiff had filed suit two years after it first learned of infringement, which was well within the normal limitations period. Id.

In the present case, there is no clear proof of infringement, as the marks are not identical. Plaintiff has cited three possible instances of customer confusion, and no evidence of confusion amongst those working in the restaurant industry. See Dkt. No. [1] ¶¶ 51, 53, 55. However, in First Interstate, evidence of confusion was apparent and direct and was experienced by both customers and members of that trade. The plaintiff also timely sued—within two years after it first learned of the infringement. Because the record in the present case does not demonstrate clear proof of infringement and Plaintiff waited over a decade to

pursue its rights, the Plaintiff cannot use the Defendant's alleged "naked license" as a defense to laches even if this was an allowable defense.

### 4. The Public Interest Does Not Outweigh Laches

Finally, the Court finds that the public interest concerns do not outweigh the Defendant's defense of laches. If the likelihood of confusion outweighs the effect of the plaintiff's delay in bringing suit, a court in its discretion may grant injunctive relief, even if damages are appropriately barred in that suit. Kason, 120 F.3d 1199 at 1207. Courts have this discretion because of the public interest in preventing deception to customers. Id. (citing Restatement (Third) of Unfair Competition § 31, cmt. e (1995)). However, there must be strong evidence of likely or actual confusion in order for the trademark owner to defend against the doctrine of laches. Id. (citing Restatement (Third) of Unfair Competition § 31, cmt. e (1995)).

In this case, the Plaintiff has not presented strong evidence of likely or actual confusion. Unlike in Kason, where both the plaintiff and defendant manufactured the same parts within the same market, Plaintiff and Defendant in this case offer different products and have yet to operate within the same market. Furthermore, the infringement anecdotes Plaintiff has provided as evidence of confusion are not strong enough to overcome the ten-year gap between the date Plaintiff was aware of Defendant's use and the date of Plaintiff's infringement claim.

In light of Plaintiff's inactivity, the Court finds that Defendant built a valuable business around its trademark and would suffer undue prejudice should this action proceed. Defendant's Motion for Summary Judgment is accordingly **GRANTED**.[3]

**IV. Conclusion**

Based on the foregoing, Defendant's Motion for Summary Judgment [36] is **GRANTED**. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 24th day of August, 2016.

**Leigh Martin May**
**United States District Judge**

[3] Because the Court finds that Plaintiff's claims are barred by laches, the Court declines at this time to decide whether Plaintiff has stated a claim for trademark infringement. However, the Court does note, without expressly deciding, that Plaintiff has likely not proven likelihood of confusion, even taking the facts most favorable to Plaintiff.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GROUCHO'S FRANCHISE SYSTEMS, LLC,

Plaintiff,

vs.

GELCO OF GA, INC.,

Defendant.

CIVIL ACTION FILE

NO. 1:14-cv-1725-LMM

**AMENDED J U D G M E N T**

This action having come before the court, Honorable Leigh Martin May, United States District Judge, for consideration of Defendant's Motion for Summary Judgment, and the court having granted said motion, it is

**Ordered and Adjudged** that the plaintiff take nothing; that the defendant recover its costs of this action, and the action be, and the same hereby, is **dismissed**.

Dated at Atlanta, Georgia, this 25th day of August, 2016.

JAMES N. HATTEN
CLERK OF COURT

By: s/ Harry F. Martin
Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
August 25, 2016
James N. Hatten
Clerk of Court

By: s/ Harry F. Martin
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Groucho's Franchise Systems, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Gelco of GA, Inc. d/b/a Grouchy's New York Deli and Bagels,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>1:14-cv-01725-LMM |

**NOTICE OF APPEAL**

Notice is hereby given that Groucho's Franchise Systems, LLC, plaintiff in the above named case, hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the order granting motion for summary judgment [Dkt. 44] entered in this action on August 24, 2016 as referenced in the final judgment entitled Amended Judgment entered in this action on August 25, 2016 [Dkt. 48].

Respectfully submitted this 22nd day of September, 2016.

**Southeast IP Group, LLC**

/s/Thomas L. Moses
Thomas L. Moses
Fed. ID 7049
(Admitted Pro Hac Vice)

139 Commons Way
Greenville, South Carolina 29611
Telephone: (864) 509-1905
Facsimile: (864) 509-1907
E-mail: tmoses@seiplaw.com

**Maner Crumly Chambliss LLP**

/s/Jonathan D. Crumly, Sr.

Jonathan D. Crumly, Sr.
Georgia Bar No. 199466
J. William Fawcett
Georgia Bar No. 646162

2900 Paces Ferry Road
Suite B-101
Atlanta, Georgia 30339
Telephone: (770) 434-0310
Facsimile: (404) 549-4666
Email: jcrumly@ManerCC.com
wfawcett@ManerCC.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Groucho's Franchise Systems, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Gelco of GA, Inc. d/b/a Grouchy's New York Deli and Bagels,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>1:14-cv-01725-LMM |

**CERTIFICATE OF COMPLIANCE**

The undersigned attorney hereby certifies, pursuant to L.R. 7.1, ND Ga., that the foregoing **NOTICE OF APPEAL** was prepared in accordance with L.R. 5.1, ND Ga. using Book Antiqua font, 13 point.

/s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.
Georgia Bar No. 199466
jcrumly@ManerCC.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Groucho's Franchise Systems, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Gelco of GA, Inc. d/b/a Grouchy's New York Deli and Bagels,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>1:14-cv-01725-LMM |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **NOTICE OF APPEAL** to the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 22nd day of September, 2016.

/s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.
Georgia Bar No. 199466
jcrumly@ManerCC.com